IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| PAUL HUTCHINSON, an individual; and DESTINARE LLC, a Utah limited liability company,<br><br>    Plaintiffs,<br><br>v.<br><br>J. KAHEALANI KAMAUU, an individual; ROI COMPANIES LLC, a Hawaii limited liability company; and HALE MALUHIA ESTATE LLC, a Hawaii limited liability company,<br><br>    Defendants. | **ORDER TO SHOW CAUSE**<br><br>2:20-cv-00796-RJS-DAO<br><br>Chief District Judge Robert J. Shelby<br><br>Magistrate Judge Daphne A. Oberg |

Plaintiffs Paul Hutchinson and Destinare LLC (collectively, Plaintiffs) initiated this action on November 10, 2020.[1] Because Defendants J. Kahealani Kamauu, ROI Companies LLC, and Hale Maluhia Estate LLC have failed to plead or otherwise defend against the action, Plaintiffs moved for Entry of Default against the various Defendants.[2] On January 11, 2021, the Clerk of Court entered a Default Certificate as to Defendants ROI Companies LLC and Hale Maluhia Estate LLC (collectively, ROI and Maluhia).[3] On January 15, 2021, the Clerk of Court also entered a Default Certificate as to Defendant Kamauu.[4] Plaintiffs now move the court for Default Judgment against ROI and Maluhia.[5]

---

[1] Dkt. 2 (Complaint).

[2] *See* Dkt. 6 (On January 8, 2021, Plaintiffs filed a Motion for Entry of Default against Defendants ROI Companies LLC and Hale Maluhia Estate LLC); Dkt. 12 (On January 14, 2021, Plaintiffs filed a Motion for Entry of Default against Defendant J. Kahealani Kamauu).

[3] Dkt. 8.

[4] Dkt. 14.

[5] Dkt. 13 (Motion for Default Judgment).

Plaintiffs assert this court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332,[6] but they have failed to allege sufficiently the citizenship of Plaintiff Destinare LLC, Defendant ROI Companies LLC, and Defendant Hale Maluhia Estate LLC.[7] Plaintiffs also assert this court has personal jurisdiction over ROI and Maluhia pursuant to Utah Code § 78B-3-205,[8] but they have failed to make a *prima facie* showing that ROI and Maluhia are indeed personally subject to this court's jurisdiction.[9] For the reasons stated below, Plaintiffs are ORDERED to show cause why the Default Certificate against ROI and Maluhia should not be rescinded and the case should not be dismissed for lack of subject matter and personal jurisdiction.

A default judgment entered without subject matter or personal jurisdiction is void and is therefore subject to collateral attack under Federal Rule of Civil Procedure 60(b).[10] For this reason, "when entry of a default judgment is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties."[11] The court will first address the issue of subject matter jurisdiction before turning to the issue of personal jurisdiction.

---

[6] Dkt. 2 ¶ 17.

[7] As the parties invoking federal jurisdiction, Plaintiffs have the burden of establishing subject matter jurisdiction. *Panicker v. State Dept. Agric.*, 498 F. App'x 755, 756 (10th Cir. 2012) (unpublished).

[8] Dkt. ¶ 18.

[9] Plaintiffs have the burden of establishing personal jurisdiction by making a *prima facie* showing of: "(1) whether the court has jurisdiction over the defendants under the [Utah] long-arm statute, and, if so, (2) whether the defendants have sufficient minimum contacts with the forum state to comport with the constitutional guarantee of due process." *Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 773 (10th Cir. 1997).

[10] *See Venable v. Haislip*, 721 F.2d 297, 300 (10th Cir. 1983) (explaining that an underlying default judgment is void if the issuing court lacked personal or subject matter jurisdiction, and the court must grant relief if the judgment is challenged under Rule 60(b)).

[11] *Williams v. Life Sav. and Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986). "[A] district court may not inquire into its personal jurisdiction and dismiss a case *sua sponte* except when entering a default judgment . . . In reviewing its personal jurisdiction, the court does not assert a personal defense of the parties; rather, the court exercises its responsibility to determine that it has the power to enter the default judgment." *Id.* at 1202–03; *see also Onset Fin., Inc. v. Westchester Fire Ins. Co.*, No. 2:16-cv-00063-JNP-PMW, 2019 WL 943531, at *2 (D. Utah Feb. 26, 2019) (explaining that courts do not routinely raise the issue of personal jurisdiction *sua sponte* but are required to do so

### I.   Subject Matter Jurisdiction

This court has a continuing obligation to evaluate its subject-matter jurisdiction throughout the dispute.[12] To exercise subject-matter jurisdiction under 28 U.S.C. § 1332, the court must ensure there is complete diversity: "no plaintiff may be a citizen of the same state as any defendant."[13] The parties' citizenship is determined from "the facts as they existed at the time of filing."[14] A corporation is a citizen of the state in which it is incorporated and of the state in which it has its principal place of business.[15] The citizenship of an unincorporated entity, including a limited liability company, is the citizenship of all its members.[16] The members of unincorporated entities are the "owners" or "the several persons composing such an association."[17]

The Complaint does not sufficiently allege Plaintiff Destinare LLC's citizenship. Plaintiffs state that Destinare "is a Utah limited liability company with its principal place of business located within the State of Utah."[18] But Plaintiffs fail to identify the individuals or entities that constitute Destinare's members. Because Destinare is a limited liability company,

---

when faced with the question of granting a default judgment that would be void if the court lacked jurisdiction over the parties).

[12] *See 1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) ("Federal courts have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party, and thus a court may *sua sponte* raise the question of whether there is subject matter jurisdiction at any stage in the litigation.") (internal quotations and citation omitted).

[13] *Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015).

[14] *Id.* (citation omitted).

[15] *See* 28 U.S.C. § 1332(c)(1) (2018); *Hertz Corp. v. Friend*, 559 U.S. 77, 77 (2010).

[16] *Grynberg*, 805 F.3d at 905.

[17] *Carden v. Arkoma Assoc.*, 494 U.S. 185, 195–96 (1990) (citations omitted).

[18] Dkt. 2 ¶ 13.

its citizenship is based on the citizenship of all its members.[19]  Failure to allege the citizenship of each of Destinare's members is a failure to allege the citizenship of the unincorporated entity.[20]

For the same reasons, Plaintiffs also fail to sufficiently establish the citizenship of Defendants ROI and Maluhia.  Plaintiffs allege "upon information and belief" that both ROI and Maluhia are Hawaiian limited liability companies.[21]  They do not identify the individuals or entities that constitute ROI and Maluhia's members.  Without this information, it is impossible for the court to determine if complete diversity of citizenship exists, which would establish whether the court has subject matter jurisdiction over the case.

Plaintiffs are therefore ORDERED to show cause, within fourteen (14) days, why the court should not rescind the Default Certificate against ROI and Maluhia and the case should not be dismissed for lack of subject matter jurisdiction.  While Plaintiffs need not amend the Complaint, their response to this Order must identify and allege the citizenship of each of Destinare, ROI, and Maluhia's members.  If needed, the court would consider a motion for limited jurisdictional discovery to resolve this issue.  If Plaintiffs are unable to definitively determine the citizenship of the aforementioned parties, they must explain to the court their reasons for being unable to gather the information.

## II.  Personal Jurisdiction

"To obtain personal jurisdiction over a nonresident defendant in a diversity action, a plaintiff must show that jurisdiction is legitimate under the laws of the forum state and that the

---

[19] *Grynberg*, 805 F.3d at 905–06.

[20] *Id.*; *cf. Conagra Foods, Inc. v. Americold Logistics, LLC*, 776 F.3d 1175, 1182 (10th Cir. 2015) (concluding the record failed to establish complete diversity because the unincorporated entities "declined to offer any evidence" of their members' citizenship despite the court's request for supplemental briefing).

[21] Dkt. 2 ¶¶ 15–16.

exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment."[22] Utah's long-arm statute permits the exercise of jurisdiction "over nonresident defendants to the fullest extent permitted" by the Fourteenth Amendment's due process clause.[23] Accordingly, the two-step jurisdictional analysis effectively collapses into a one-step constitutional inquiry. "Due process requires both that the defendant 'purposefully established minimum contacts within the forum state' and that the 'assertion of personal jurisdiction would comport with "fair play and substantial justice."'"[24]

When a motion is decided only on the basis of a plaintiff's undisputed complaint and other written materials, the plaintiff "need only make a *prima facie* showing" that the court's exercise of personal jurisdiction comports with the requirements of due process.[25] The uncontroverted allegations in the complaint—to the extent they are well pled facts, "as distinguished from mere conclusory allegations"—must be accepted as true.[26]

Here, the Complaint does not sufficiently allege enough facts to make a *prima facie* showing that ROI and Maluhia established the requisite minimum contacts within the State of Utah to precipitate this court's personal jurisdiction over Defendants. In their Complaint, Plaintiffs state that "upon information and belief" both ROI and Maluhia regularly conduct business within the State of Utah.[27] They further argue that ROI and Maluhia have "submitted themselves to the personal jurisdiction of the State of Utah because the parties transacted

---

[22] *Far West Capital, Inc. v. Towne*, 46 F.3d 1071, 1074 (10th Cir. 1995) (internal emphasis and citation omitted).

[23] Utah Code § 78B-3-201.

[24] *Old Republic Ins. Co. v. Cont'l Motors, Inc.*, 877 F.3d 895, 903 (10th Cir. 2017) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 320 (1945))).

[25] *See Garberg*, 115 F.3d at 773.

[26] *See Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995) (citation omitted).

[27] Dkt. 2 ¶¶ 15–16.

business within the state and a substantial part of the events giving rise to the causes of action alleged herein occurred in the State of Utah."[28]

Beyond these initial statements, the Complaint provides no further factual information explaining which of the alleged events took place in Utah or where or how ROI and Maluhia conducted their business within the State. Simply stating in a conclusory manner that the events and business transactions took place in Utah, without more, is not enough to establish this court's personal jurisdiction.

Plaintiffs are therefore further ORDERED to show cause, within fourteen (14) days, why the court should not rescind the Default Certificate against ROI and Maluhia and the case should not be dismissed for lack of personal jurisdiction. Plaintiffs must provide further factual information demonstrating that ROI and Maluhia "purposefully established minimum contacts" within the State of Utah. Plaintiffs may combine their response to this Order with their response to the Order concerning subject matter jurisdiction.

SO ORDERED this 2nd day of March 2021.

BY THE COURT:

ROBERT J. SHELBY
United States Chief District Judge

---

[28] *Id.* ¶ 18.