UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| PAUL HUTCHINSON, an individual; and DESTINARE LLC, a Utah limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>J. KAHEALANI KAMAUU, an individual; ROI COMPANIES LLC, a Hawaii limited liability; HALE MALUHIA ESTATE LLC, a Hawaii limited liability company,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO QUASH (DOC. NO. 37)**<br><br>Case No. 2:20-cv-00796-RJS-DAO<br><br>Chief Judge Robert J. Shelby<br><br>Magistrate Judge Daphne A. Oberg |

Before the court is pro se Defendant J. Kahealani Kamauu's motion to quash, ("Mot.," Doc. No. 37).[1] Mr. Kamauu seeks to quash subpoenas served on Wells Fargo Bank which seek his "private bank records, statements, and information."[2] (*Id.* at 1.) The subpoenas also seek records of other entities and individuals, including ROI Investments, GTK Acquisitions, Joshua Kamauu, and Solomon Kamauu. (*Id.* at 2.)

Mr. Kamauu argues the subpoenas as to the nonparties should be quashed because they are not related to this matter. (*Id.*) According to Mr. Kamauu, the subpoenas should be quashed as to him, personally, because the records are privileged and protected by the First Amendment

---

[1] No hearing is necessary; the court will rule based on the parties' written memoranda. *See* DUCivR 7-1(g).

[2] The motion was already stricken to the extent it was also brought by ROI Companies, LLC, and Hale Maluhia Estate, LLC, because neither entity is represented, and entities may not appear pro se. (*See* Order Striking in Part Mot. to Quash, Doc. No. 39.)

1

to the United States Constitution. (*Id.*) He also argues the subpoenas subject him and Wells Fargo Bank to an undue burden, constitute an unwarranted interference with the confidential relationship between the defendants and Wells Fargo Bank, and are overbroad. (*Id.* at 2–3.)

Plaintiffs Paul Hutchinson and Destinare, LLC, oppose the motion, arguing the subpoenas are a routine step in their efforts to collect a judgment against the defendants in this case. (Mem. in Opp'n to Mot. to Quash ("Opp'n") 2, Doc. No. 41.) Plaintiffs argue Mr. Kamauu's claims regarding privacy, privilege, and a confidential relationship are not proper grounds for quashing the subpoenas. Further, they contend the First Amendment is not at issue in this context. According to Plaintiffs, if Mr. Kamauu's arguments were correct, no party would ever be able to issue the subpoenas necessary to execute judgments. (*See generally* Opp'n, Doc. No. 41.) Plaintiffs assert that where Mr. Kamauu is a named party on all bank accounts from which they requested records, the accounts contain relevant information (whether or not they have a co-owner). (*Id.* at 4.) Lastly, Plaintiffs argue the requests are not unduly burdensome. (*Id.*)

With the court's leave, Mr. Kamauu filed a reply. (*See* Reply to Pls.' Mem. in Opp'n to Mot. to Quash Subpoena ("Reply"), Doc. No. 51.) In his reply, Mr. Kamauu argues default judgment was inappropriately entered, and the scope and damages contained within that judgment are excessive and should be set aside pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. (Reply 4, 6, Doc. No. 51.) Mr. Kamauu also contends Plaintiffs have failed to establish a link between his assets and the underlying claims. (*Id.* at 5.) For the reasons stated below, Mr. Kamauu's motion is denied.

LEGAL STANDARDS

The scope of discovery is broad. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Information need not be admissible to be discoverable. *Id.* Rule 45 of the Federal Rules of Civil Procedure establishes standards for quashing subpoenas. The court must quash or modify a subpoena which "fails to allow a reasonable time to comply;" "requires a person to comply beyond the geographical limits specified in Rule 45(c);" "requires disclosure of privileged or other protected matter, if no exception or waiver applies;" or "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). And the court may quash or modify a subpoena which requires "disclosing a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 45(d)(3)(B).

ANALYSIS

As an initial matter, Mr. Kamauu has not established he has standing to move to quash these subpoenas. Generally, "[a] motion to quash a subpoena may only be made by the party to whom the subpoena is directed." *Zoobuh, Inc. v. Rainbow Int'l Corp.*, No. 2:14-cv-00477, 2015 U.S. Dist. LEXIS 59349, at *5 (D. Utah May 5, 2015) (unpublished) (internal quotation marks omitted). The exception to this general rule is "where the party seeking to challenge the subpoena has a personal right or privilege with respect to the subject matter requested in the subpoena." *Id.* (internal quotation marks omitted). However, "even where a party has standing to quash a subpoena based on privilege or a personal right, he or she lacks standing to object on the basis of undue burden," and on the grounds of "over[]br[eadth] and relevance." *Id.* at *6–7.

Here, the subpoenas are directed to Wells Fargo Bank, not Mr. Kamauu. In other words, even if the court assumes Mr. Kamauu has a personal right or privilege with regard to the records

sought, he cannot object to the subpoenas on the basis of burden, overbreadth or relevance. *See Zoobuh, Inc.*, 2015 U.S. Dist. LEXIS, at *6–7. Thus, Mr. Kamauu's objections on these grounds are denied.[3]

The court declines to consider Mr. Kamauu's arguments regarding the validity and amount of the judgment because Mr. Kamauu raised them in a reply. Where Mr. Kamauu proceeds pro se, his filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Still, a pro se plaintiff must "follow the same rules of procedure that govern other litigants." *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (internal quotation marks omitted). Pursuant to the Local Civil Rules, "[a] party may not make a motion . . . in a response or reply." DUCivR 7-1(a)(3), *available at* https://www.utd.uscourts.gov/rules-practice. Thus, Mr. Kamauu's request to set aside the judgment is not properly before the court.

Two issues remain: (1) whether production of the documents infringes on Mr. Kamauu's First Amendment rights and (2) whether the subpoenas interfere with his confidential relationship with Wells Fargo Bank. Even presuming Mr. Kamauu has standing to bring these objections, he fails to meet his burden to establish they warrant quashing the subpoenas. In support of his infringement argument, Mr. Kamauu cites *First National Bank of Tulsa v. United States Department of Justice*, 865 F.2d 217 (10th Cir. 1989). That case arose in the grand jury context and related to disclosure of the identities of members of the Freeman Education Association. The Tenth Circuit assessed whether disclosure of such information impinged on

---

[3] Another problem: Mr. Kamauu has not established he has standing to object to the disclosure of nonparties' records. *See Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others.").

First Amendment rights by chilling members' rights of association. *See First Nat. Bank of Tulsa*, 865 F.2d at 218–20. No doubt, this can be a concern in certain circumstances. *See Koch Indus., Inc. v. Doe*, No. 2:10-cv-1275, 2011 U.S. Dist. LEXIS 49529, at *26 (D. Utah May 9, 2011) (unpublished) ("A growing number of courts have recognized that civil subpoenas seeking information regarding anonymous speakers raise First Amendment concerns."). But there is no indication this case involves rights of association or anonymity of speakers. Mr. Kamauu has simply not established the production of his bank records would infringe on his First Amendment rights.

As for the argument that the subpoenas will interfere with his confidential relationship with Wells Fargo Bank, Mr. Kamauu has failed to establish this is a valid legal basis for quashing a subpoena.[4] And he has likewise failed to proffer any factual basis for this argument—to explain the how subpoenas might legitimately have such an effect. Thus, this objection also fails.

## CONCLUSION

For the reasons stated above, Mr. Kamauu's motion (Doc. No. 37) is denied.

DATED this 20th day of January, 2022.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge

---

[4] Liberally construing Mr. Kamauu's motion, to the extent he attempts to argue his bank records are private and confidential, his argument also fails. Private documents are not necessarily protected or privileged. And to the extent Mr. Kamauu believes the records are private or confidential, he has not established the Standard Protective Order provides insufficient protection (*available at* https://www.utd.uscourts.gov/usdc-forms).