UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| PAUL HUTCHINSON, an individual; and DESTINARE LLC, a Utah limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>J. KAHEALANI KAMAUU, an individual; ROI COMPANIES LLC, a Hawaii limited liability; HALE MALUHIA ESTATE LLC, a Hawaii limited liability company,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING MOTION TO QUASH (DOC. NO. 71)<br><br><br>Case No. 2:20-cv-00796<br><br>Chief Judge Robert J. Shelby<br><br>Magistrate Judge Daphne A. Oberg |

Pro se Defendant J. Kahealani Kamauu seeks to quash subpoenas served on nonparties American Express, Ferrari Financial Services, Robinhood Markets, TD Ameritrade, Inc., Bank of Hawaii, and the Vanguard Group.[1] (Def.'s Mot. to Quash Outstanding Subpoenas ("Mot."), Doc. No. 71.) Because Mr. Kamauu lacks standing to raise most of the challenges to the subpoenas, and his remaining objections otherwise fail, his motion is denied.

The subpoenas seek:

> All documents, including but not limited to statements and account originating documents, belonging to any account number associated with J. Kahealani Kamauu, J. Kahealani T. Kamauu, Joshua Terry Kahealani, Kahealani Kamauu, J. Kamauu, ROT Companies LLC, ROT Investments LLC, ROT Investments, LLC, GTK Acquisitions LLC, and/or Hale Maluhia LLC from January 2019 to the present.

*Id.* at 6. Mr. Kamauu argues the nonparty subpoenas should be quashed because: (1) they are

---

[1] No hearing is necessary; the court will rule based on the parties' written memoranda. *See* DUCivR 7-1(g).

1

overly broad and call for production of irrelevant documents; (2) they are unreasonable and unduly burdensome; (3) they are vague and ambiguous; (4) they seek documents which are privileged, confidential, proprietary, trade secrets, or contain sensitive information; and (5) pending motions impact the necessity of the subpoenas. (*Id.* at 6–7.)

Plaintiffs Paul Hutchinson and Destinare, LLC, oppose the motion, arguing Mr. Kamauu lacks standing to raise most of his arguments, the subpoenas are a routine step in their efforts to execute the judgment in this case, and the subpoenas do not seek privileged information. (Mem. in Opp'n to Mot. to Quash Outstanding Subpoenas ("Opp'n") 4–5, Doc. No. 79.) Plaintiffs contend they sent the subpoenas to assist in collecting on their default judgment by identifying Defendants' assets. (*Id.* at 2–4.) Plaintiffs argue bank records are properly sought and produced pursuant to subpoenas and Mr. Kamauu has not shown his particular records are so sensitive or confidential as to merit special protection. (*Id.* at 5.) Lastly, Plaintiffs argue the pending motions provide no basis to quash the subpoenas, where there is no stay on the execution of the judgment. (*Id.* at 6.)

## LEGAL STANDARDS

The scope of discovery is broad. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Information need not be admissible to be discoverable. *Id.* Rule 45 of the Federal Rules of Civil Procedure establishes standards for quashing subpoenas. The court must quash or modify a subpoena which "fails to allow a reasonable time to comply;" "requires a person to comply beyond the geographical limits specified in Rule 45(c);" "requires disclosure of privileged or other protected matter, if no exception or waiver applies;" or "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). And the court may quash or modify a subpoena which

2

requires "disclosing a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 45(d)(3)(B).

Because Mr. Kamauu proceeds pro se, his filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Still, a pro se party must "follow the same rules of procedure that govern other litigants." *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (internal quotation marks omitted). While the court must make some allowances for a pro se party's "failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements," *Hall*, 935 F.2d at 1110, the court "will not . . . construct a legal theory on a [litigant's] behalf," *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (internal quotation marks omitted).

## ANALYSIS

As an initial matter, Mr. Kamauu has not established he has standing to move to quash these subpoenas. Generally, "[a] motion to quash a subpoena may only be made by the party to whom the subpoena is directed." *Zoobuh, Inc. v. Rainbow Int'l Corp.*, No. 2:14-cv-00477, 2015 U.S. Dist. LEXIS 59349, at *5 (D. Utah May 5, 2015) (unpublished) (internal quotation marks omitted). The exception to this general rule is "where the party seeking to challenge the subpoena has a personal right or privilege with respect to the subject matter requested in the subpoena." *Id.* (internal quotation marks omitted). However, "even where a party has standing to quash a subpoena based on privilege or a personal right, he or she lacks standing to object on the basis of undue burden," and on the grounds of "over[]br[eadth] and relevance." *Id.* at *6–7.

The subpoenas at issue are directed to various banking and financial entities, not Mr. Kamauu. In other words, even if the court assumes Mr. Kamauu has a personal right or privilege

3

with regard to the records sought,[2] he cannot object to the subpoenas on the basis of burden, overbreadth, or relevance. *See id.* at *6–7. For this reason, Mr. Kamauu's objections on these grounds are denied.

Three issues remain: (1) whether the subpoenas are vague and ambiguous; (2) whether the subpoenas seek production of documents that are privileged, confidential, proprietary, trade secrets, or contain sensitive information; and (3) whether the pending motions warrant quashing the subpoenas. Even assuming Mr. Kamauu has standing to bring these objections, he fails to establish the subpoenas should be quashed.

Mr. Kamauu claims the subpoenas are so vague and ambiguous, they fail to meet the particularity requirement for document requests under Rule 34 of the Federal Rule of Civil Procedure. (Mot. 5–6, Doc. No. 71.) Rule 34 governs production of documents in civil discovery. *See* Fed. R. Civ. P. 34. While Mr. Kamauu suggests the rule's particularity requirements should apply to nonparty subpoenas, he provides no legal authority for this proposition. Regardless, the challenged subpoenas are neither vague nor ambiguous; they seek all documents (including statements and account originating documents) belonging to any account number associated with several individuals and entities.

Next, Mr. Kamauu has not established the bank records would disclose privileged or other protected matter such that the subpoenas must be quashed. Fed. R. Civ. P. 45(d)(3)(A). Personal or private documents are not necessarily privileged. *See* Fed. R. Evid. 502 (defining

---

[2] To be clear, Mr. Kamauu has not argued he has a personal right or privilege with regard to the other individuals' and entities' records sought. (*See* Mot. 6, Doc. No. 71). And Mr. Kamauu cannot object to the subpoenas on their behalf. *See Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others."); DUCivR 83-1.3(c) ("No corporation, association, partnership or other artificial entity may appear pro se and must be represented by an attorney who is admitted to practice in this court.").

attorney client privilege and work product protection). And Mr. Kamauu has not established the material sought is otherwise protected—that it involves trade secrets or other confidential research, development, or commercial information. *See* Fed. R. Civ. P. 45(d)(3)(B). At best, Mr. Kamauu's arguments suggest certain documents should be designated as confidential after production. But this can be addressed through a meeting and conferral of the parties to address designations under the Standard Protective Order, (*available at* https://www.utd.uscourts.gov/usdc-forms), which governs documents produced in this case.

Lastly, the subpoenas should not be quashed based on the pending motions: Defendants' Rule 60(b) Motion, (Doc. No. 58), and Defendant[s'] Motion to Stay Execution of Judgment, (Doc. No. 67). Because the execution of the judgment has not been stayed, the pendency of these motions provides an insufficient basis to quash the subpoenas.

## CONCLUSION

For the reasons stated above, Mr. Kamauu's motion (Doc. No. 71) is denied.

DATED this 10th day of May, 2022.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge