IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| PAUL HUTCHINSON, an individual; and DESTINARE LLC, a Utah limited liability company;<br><br>Plaintiffs,<br><br>v.<br><br>J. KAHEALANI KAMAUU, an individual; ROI COMPANIES LLC, a Hawaii limited liability; HALE MALUHIA ESTATE LLC, a Hawaii limited liability company.<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT AND MOTION FOR STAY**<br><br>2:20-cv-00796-RJS-DAO<br><br>Chief District Judge Robert J. Shelby<br><br>Magistrate Judge Daphne A. Oberg |

Before the court are Defendants' Motion for Relief Pursuant to Rule 60(b) and Motion to Stay Execution of Judgment.[1] For the reasons explained below, the Motions are DENIED.

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiffs Paul Hutchinson and Destinare, LLC initiated this action on November 10, 2020, alleging Defendants—J. Kahealani Kamauu, ROI Companies, LLC, and Hale Maluhia Estate, LLC—fraudulently induced them into purchasing interests in Hawaiian Coconut Energy (HCE), a failing company.[2] Plaintiffs brought nine causes of action: (1) breach of contract, (2) breach of fiduciary duty, (3) breach of implied covenant of good faith and fair dealing, (4) fraud, (5) fraudulent conveyance, (6) alter ego liability, (7) unjust enrichment, (8) conspiracy to commit fraud, and (9) constructive trust.[3]

---

[1] Dkt. 58 (*Rule 60(b) Motion*); Dkt. 67 (*Motion to Stay*).

[2] Dkt. 2 (*Complaint*) ¶¶ 1–2.

[3] *Id.* ¶¶ 80–204.

On December 15, 2020, Plaintiffs served a copy of the Summons and Complaint on Defendants Hale Maluhia Estate and ROI Companies at a Honolulu, Hawaii address.[4] On December 21, Plaintiffs served a copy of the Summons and Complaint on Kamauu's son at his address in Sherman Oaks, California.[5] None of the Defendants answered the Complaint or otherwise entered an appearance. Plaintiffs later moved for entry of default against Defendants,[6] and the Clerk of Court entered a certificate of default for Hale Maluhia Estate and ROI Companies on January 8, 2021,[7] and for Kamauu on January 15, 2021.[8]

Also on January 15, 2021, Plaintiffs moved for Default Judgment against Defendants Hale Maluhia Estate and ROI Companies,[9] requesting $3 Million in damages.[10] In light of the Motion, the case was assigned to the undersigned[11] with all non-dispositive matters referred to Magistrate Judge Daphne A. Oberg.[12]

On March 25, 2021, the court ordered Plaintiffs to provide supplemental briefing to document their initial investment costs and amounts claimed as consequential and compensatory damages.[13] Plaintiffs provided that briefing,[14] which included: (1) a copy of a $100,000

---

[4] Dkt. 10 (*Summons Returned Executed as to Hale Maluhia Estate*); Dkt. 11 (*Summons Returned Executed as to ROI Companies*).

[5] Dkt. 9 (*Summons Returned Executed as to J. Kahealani Kamauu*).

[6] Dkt. 6 (*Plaintiffs' Motion for Entry of Default as to Defendants ROI Companies LLC and Hale Maluhia Estate LLC*); Dkt. 12 (*Plaintiffs' Motion for Entry of Default as to Defendant J. Kahealani Kamauu*).

[7] Dkt. 8 (*Clerk's Entry of Default Certificate as to Hale Maluhia Estate, ROI Companies*).

[8] Dkt. 14 (*Clerk's Entry of Default Certificate as to J. Kahealani Kamauu*).

[9] Dkt. 13 (*Motion for Default Judgment as to ROI Companies and Hale Maluhia Estate*).

[10] Dkt. 13-2 ([*Draft*] *Default Judgment*) at 3.

[11] Dkt. 16.

[12] Dkt. 17 (*Order Referring Case*).

[13] Dkt. 21 (*Order for Supplemental Briefing*).

[14] Dkt. 25 (*Response re: Order for Supplemental Briefing*); Dkt. 26 (*Declaration of Stephanie Valdez*); Dkt. 27 (*Declaration of John P. Mertens*).

investment check, and (2) a breakdown of the compensatory and consequential damages calculation into costs for employee labor, lost opportunity costs, risks, and additional contributions into HCE, among other things.[15] The court then granted Plaintiffs' Motion for Default Judgment against Defendants Hale Maluhia Estate and ROI Companies, finding them liable for damages totaling $1,526,427.67.[16]

On April 27, 2021, Plaintiffs moved for Default Judgment against Kamauu.[17] The court granted that Motion, finding Kamauu jointly and severally liable for the Judgment entered as to Hale Maluhia and ROI Companies.[18]

All notices of the Default Judgments for the LLCs were mailed to the Companies' address in Honolulu, and for Kamauu to his address in Sherman Oaks, California. The Default Judgment mailed to Kamauu's California address came back to the court with "wrong address, return to sender" and "refused" written on the envelope.[19] No other notices mailed to the California address were returned to the court.

Nearly a year after Plaintiffs initiated this action, Defendants appeared for the first time, filing a Pro Se Motion to Quash certain subpoenas that had been served on third parties.[20] Kamauu filed the Motion to Quash using an address in Waianae, Hawaii.[21] Judge Oberg entered an order Striking in Part the Motion to Quash, explaining that under the District of Utah's Local Rules of Practice, LLCs (such as Hale Maluhia and ROI Companies) had to be represented by an

---

[15] *Response re: Order for Supplemental Briefing* at 2–5, Exh. A.

[16] Dkt. 28 (*Default Judgment Against Hale Maluhia Estate, ROI Companies*) ¶ 16.

[17] Dkt. 29 (*Motion for Default Judgment as to J. Kahealani Kamauu*); see also Dkt. 30 (*Affidavit of Ciera Archuleta in Support of Motion for Default Judgment*).

[18] Dkt. 31 (*Order Granting Default Judgment as to J. Kahealani Kamauu*) ¶¶ 15–16.

[19] Dkt. 32 (*Mail Returned as Undeliverable*).

[20] Dkt. 37 (*Pro Se Motion to Quash*).

[21] *Id.*

3

attorney admitted to practice before the court.[22] Accordingly, to the extent the Motion to Quash was brought on behalf of ROI Companies and Hale Maluhia Estate, it was stricken.[23] As to Kamauu, Judge Oberg denied the Motion for lack of standing.[24] Kamauu appealed the denial of his Motion to Quash to the Tenth Circuit Court of Appeals,[25] which dismissed the appeal for lack of prosecution.[26] Kamauu then filed a second Motion to Quash Outstanding Subpoenas, this time for subpoenas issued to certain banks and investment companies.[27] This too was denied for lack of standing.[28]

At the same time, Plaintiffs filed a Motion for Supplemental Proceedings, seeking a hearing to ask Defendants questions about their property and enable collection of the judgment.[29] Judge Oberg scheduled a supplemental hearing for April 11, 2022 and ordered Kamauu to "promptly file a notice with the court if he has a change of address."[30] The court mailed the scheduling notices to Kamauu at the new address in Wainaie, Hawaii, but they returned as undeliverable.[31]

---

[22] Dkt. 39 (*Order Striking in Part Motion to Quash*).

[23] *Id.*

[24] Dkt. 53 (*Memorandum Decision and Order Denying Motion to Quash*).

[25] Dkt. 55 (*Notice of Appeal as to Order on Motion to Quash*).

[26] Dkt. 76 (*Mandate of the United States Court of Appeals for the Tenth Circuit*).

[27] Dkt. 71 (*Defendant's Motion to Quash Outstanding Subpoenas*).

[28] Dkt. 84 (*Memorandum Decision and Order Denying [Second] Motion to Quash*).

[29] Dkt. 33 (*Motion for Supplemental Proceedings*).

[30] Dkt. 60 (*Order Setting Zoom Hearing*).

[31] Dkts. 47, 48 (*Mail Returned as Undeliverable*).

Plaintiffs' counsel examined Kamauu in connection with the supplemental proceedings.[32] Kamauu testified that he resided at the Sherman Oaks, California address.[33] He further stated he had been unemployed since the start of the COVID-19 pandemic in March 2020.[34]

On March 4, 2022, Defendants filed their Rule 60(b) Motion.[35] Defendants also filed the Motion to Stay, requesting the court stay the Default Judgment pending resolution of the Rule 60(b) Motion.[36] The Motions are now fully briefed. The court resolves them based on the written memoranda, finding oral argument unnecessary.[37]

## LEGAL STANDARD

Defendants purport to proceed pro se. While the court "liberally construe[s] pro se pleadings," "pro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil . . . Procedure."[38] As noted, the District of Utah's Local Rules of Civil Practice disallow LLCs to appear pro se and require representation "by an attorney who is admitted to practice in this court."[39] Defendants' pending Motions seek relief for all Defendants but are filed and signed only by Kamauu, "Defendant *pro se*."[40] Kamauu is not an attorney admitted to practice in this court. Thus, the court STRIKES

---

[32] Dkt. 69 (*Declaration of Jacob B. Stone*) at 2.

[33] *Id.*

[34] *Id.*

[35] *See* Dkt. 58.

[36] *See* Dkt. 67.

[37] *See* DUCivR 7-1(g).

[38] *Ogden v. San Juan Cnty.,* 32 F.3d 452, 455 (10th Cir. 1994) (citation omitted).

[39] DUCivR 83-1.3(c).

[40] *Rule 60(b) Motion* at 17; *Motion to Stay* at *2*.

the Motions as to ROI Companies and Hale Maluhia Estate and evaluates the Motions only on behalf of Kamauu.[41]

## ANALYSIS

The court first addresses Kamauu's Rule 60(b) Motion before turning to his Motion to Stay.

### I.     The Rule 60(b) Motion is Denied

Kamauu seeks vacatur of the Default Judgment under Rule 60(b). "Federal Rule of Civil Procedure 60(b) provides an exception to finality that allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances."[42] Relief under this Rule is "extraordinary and may only be granted in exceptional circumstances."[43] "A litigant shows exceptional circumstances by satisfying one or more of Rule 60(b)'s six grounds for relief from judgment."[44]

Rule 60 is not a vehicle to "challenge the legal correctness of the district court's judgment by arguing that the district court misapplied the law."[45] Nor does it provide a party an opportunity "to advance new arguments or supporting facts that were available but not raised at the time of the original argument."[46] The Rule should be liberally construed when necessary to serve substantial justice.[47]

---

[41] Even if the Motions were reviewed for the LLCS, the legal conclusions would not change.

[42] *Johnson v. Spencer*, 950 F.3d 680, 694 (10th Cir. 2020) (internal quotations and citations omitted) (quoting *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 269–70 (2010)).

[43] *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.*, 909 F.2d 1437, 1440 (10th Cir. 1990).

[44] *Van Skiver v. United States*, 952 F.2d 1241, 1243–44 (10th Cir. 1991).

[45] *Id.* at 1244.

[46] *Lebahn v. Owens*, 813 F.3d 1300, 1306 (10th Cir. 2016).

[47] *Kile v. United States*, 915 F.3d 682, 687 (10th Cir. 2019).

A Rule 60(b) motion must be timely to merit consideration.[48] The Rule requires a motion be filed "within a reasonable time."[49] And for motions made under 60(b)(1), (2), and (3), within "a year after the entry of the judgment."[50] Courts provide little guidance on what constitutes "a reasonable time" for a Rule 60 motion.[51] Even a motion filed within the one-year deadline, if required, may be untimely by virtue of an unreasonable delay.[52] "Where a party delays in filing a Rule 60(b) motion after discovery of the grounds for the motion, it must offer sufficient justification for the delay."[53] To evaluate whether a delay is sufficiently justified, courts look at "the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to other parties."[54]

Kamauu argues the circumstances here satisfy three of Rule 60's grounds for relief from judgment: 60(b)(1) "mistake, inadvertence, surprise, or excusable neglect;" 60(b)(3) "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;" and 60(b)(6) "any other reason that justifies relief."[55] Plaintiffs argue the

---

[48] Fed. R. Civ. P. 60(c).

[49] *Id.* R. 60(c)(1).

[50] *Id.*

[51] *Myzer v. Bush*, 750 Fed. Appx. 644, 647 (10th Cir. 2018).

[52] *See Cummings v. Gen. Motors Corp.*, 365 F.3d 944, 954–55 (10th Cir. 2004) ("[A] motion is not timely merely because it has been filed within one year of the judgment. . . . This court has upheld several Rule 60(b) denials based on delay where the motion was nevertheless filed prior to the one year deadline." (internal citations and quotations omitted)), *abrogated on other grounds by Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc.*, 546 U.S. 394, 399 (2006).

[53] *Id.* at 955.

[54] *Mullin v. High Mountain*, 182 F. App'x 830, 833 (10th Cir. 2006) (quoting *Ashford v. Steuart*, 657 F.2d 1053, 1055 (9th Cir. 1981)).

[55] Fed. R. Civ. P. 60(b)(1), (3), (6).

Motion should be denied because it is untimely.[56] On the merits, Plaintiffs argue the Motion "fails to demonstrate any grounds for relief."[57] The court addresses each argument in turn.

### A. Timeliness

Plaintiffs first argue the Rule 60(b) Motion fails because it was not filed "within a reasonable time."[58] According to Plaintiffs, just because the Motion was filed within the one-year deadline, "does not overcome the primary requirement that the requested relief be sought 'within a reasonable time.'"[59] They argue "there is nothing reasonable" about never responding to a complaint or default judgment and waiting nearly a year to seek Rule 60 relief, while simultaneously filing other motions.[60] Kamauu contends the Motion is timely because it "undoubtedly comports with the statutory time limit,"[61] and the reasonableness standard is only applicable to Rule 60(b) motions "filed after the one-year deadline."[62]

Under the relevant caselaw and facts presented, the court finds the Rule 60(b) Motion is untimely. The Default Judgment against Kamauu was filed on April 28, 2021 and the Rule 60(b) Motion on March 4, 2022—not quite eleven months later but still within the one-year deadline. Nevertheless, the Motion is untimely because of unreasonable delay.

To start, the facts show a delay. Nearly eleven months passed between the Default Judgment and Kamauu filing his Motion. In that time, Kamauu filed four other documents with

---

[56] Dkt. 68 (*P's Opp. To Rule 60(b) Motion*) at 4–5.

[57] *Id.* at 5.

[58] *Id.* at 4.

[59] *Id.* at 5 (quoting Fed. R. Civ. P. 60(c)(1)).

[60] *Id.*

[61] The court notes that only two of Kamauu's claims for relief must meet the one-year deadline, those brought under Rule 60(b)(1) and (3). Nevertheless, as explained, all his Rule 60 claims for relief are subject to the reasonableness standard. *See* Fed. R. Civ. P. 60(c)(1).

[62] Dkt. 78 (*Reply to Rule 60(b) Motion*) at 4.

the court and attended a supplemental proceeding, without ever objecting to the Default Judgment.[63] Additionally, Kamauu's objections within the Motion concern the veracity of the Complaint and the legal and evidentiary basis for the damages award.[64] At the latest, these facts were known to Kamauu by April 21, 2021, when Plaintiffs provided supplemental briefing to document their damages sought in their Motion for Default Judgment.[65] So Kamauu was aware of the basis for his objections as of that date and he could have raised his concerns in the Default Judgment proceedings, yet failed to file his Motion for another eleven months.

Second, Kamauu's delay is not sufficiently justified. He offers no explanation for his delay. The closest Kamauu comes to an explanation is when he states, "service of process [was] complicated by [his] extensive business travel and the fact that he resides out of state."[66] Even liberally construed, this does not explain why Kamauu could not file the Motion sooner, especially when he was actively filing other documents in the case. Kamauu does not claim he was unable to file the Motion sooner due to travel.[67] Nor does he assert he lacked notice of the Default Judgment proceedings or the basis for his objections.

---

[63] *See* Dkts. 37, 43, 51, 56, 69.

[64] *See generally Rule 60(b) Motion*.

[65] *See Response re: Order for Supplemental Briefing*.

[66] *Rule 60(b) Motion* at 11. This statement was not used to justify the delay in filing his Motion, as Kamauu consistently claims the Motion is timely. Kamauu discusses the difficulties with service and travel to claim his conduct did not cause the default judgment. But because Kamauu is pro se, the court affords a more liberal reading of his filings and addresses this statement in context of the delay.

[67] Plaintiffs also point out that Kamauu testified to being unemployed from March 2020 to March 2022. *P's Opp. to Rule 60(b) Motion* at 6. They argue this shows that any business travel "would be entirely within [Kamauu's] control." *Id.* Because Kamauu does not claim his travel is the reason he delayed filing the Motion, the court need not address whether travel qualifies as a sufficient justification for delaying filing a 60(b) motion. *See Comcoa, Inc. v. NEC Tels., Inc.*, 931 F.2d 655, 666 (10th Cir. 1991) (holding unexpected travel plans of experts did not justify a failure to meet discovery deadlines); *Hilsen v. Am. Sleep All., LLC*, No. 2:15-cv-00714-DBP, 2017 WL 87027, at *4 (D. Utah Jan.10, 2017) (holding in the discovery context that "personal travel plans provide no justification for missing litigation deadlines" and even more so "when those plans are mentioned only after deadlines have passed").

It is true that Kamauu's notice of Default Judgment returned to the court after being refused with a handwritten note stating, "wrong address return to sender."[68] Nevertheless, for several reasons this does not support an inference that Kamauu lacked notice of the Default Judgment thereby justifying his delayed filing. First, Kamauu testified to residing where the notice was mailed.[69] All prior and subsequent notices were mailed to this address without any issue. Thus, even if Kamauu did not receive the final notice of Default Judgment, the court can reasonably assume he knew it was pending in light of the other documentation Plaintiffs filed before Default Judgment. Second, Kamauu is the sole member of Hale Maluhia and ROI Companies.[70] Plaintiffs were awarded Default Judgment against these entities before Kamauu.[71] Separate notices and supporting documentation were mailed to these entities without any issue. Even if Kamauu did not receive the default notice sent to his address, the court can assume he received the notice of default on the other entities. The Default Judgments are nearly identical and rely upon the same documentation.[72] Third, service of a court order is complete upon mailing to the person's last known address.[73] Nonreceipt does not affect the validity of service.[74] Even if Kamauu's address on record is incorrect, he was properly served with notice of the Judgment and any error in receipt is his responsibility.[75] As Judge Oberg reminded Kamauu, pro se litigants are required to keep an updated address on file with the court.[76]

---

[68] *See* Dkt. 32 (*Mail Returned as Undeliverable*).

[69] *See* Dkt. 69 (*Declaration of Jacob B. Stone*).

[70] Dkt. 19 (*Response to Order to Show Cause*).

[71] *See* Dkt. 28 (*Default Judgment Against Hale Maluhia Estate, ROI Companies*).

[72] *Compare Default Judgment Against Hale Maluhia Estate, ROI Companies*, *with* Dkt. 31 (*Order Granting Default Judgment as to J. Kahealani Kamauu*).

[73] Fed. R. Civ. P. 5(b).

[74] 4B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1148, at 449–51 (3d ed. 2002).

[75] DUCivR 83-1.3(e); *see Theede v. United States Dep't of Labor*, 172 F.3d 1262, 1266 (10th Cir. 1999).

[76] *See* Dkt. 45 (*Order Granting Pro Se Motion for Email Filing and Notification* and *Note to Kamauu*).

In sum, Kamauu offered no justification for the eleven-month delay between the Default Judgment and filing his Rule 60(b) Motion, and the court can discern none from the record.

To avoid this conclusion, Kamauu argues the Motion is timely because it was filed within one year.[77] Contrary to Kamauu's position, "a motion is not timely merely because it has been filed within one year of the judgment."[78] Rule 60 motions governed by the one-year deadline must also be filed "within a reasonable time."[79] Both requirements must be met.[80] While Kamauu's pro se status affords him a more liberal reading of his pleadings, it does not excuse him from complying with the rules of procedure.[81] In *Jimenez v. Stone*, a pro se litigant's Rule 60 motion for relief was dismissed as untimely because it was not filed within a reasonable time, even though it met the one-year deadline.[82] The court found there was an unreasonable delay because the litigant filed another document with the court after judgment but waited to file his motion.[83] Moreover, the litigant "knew or reasonably should have known the purported grounds for his motion long before" filing and he did not "provide any good reason for the extended delay."[84] The same reasoning applies here.

Due to the unjustified time Kamauu waited to file his Motion, and in consideration of finality and the prejudice Plaintiffs would suffer, the court denies the Motion as untimely.

---

[77] *Reply to Rule 60(b) Motion* at 4 ("[A]s referenced above the reasonableness standard (a subjective inquiry) contemplates 60(b) motions filed **after** the one-year deadline not before.").

[78] *Cummings*, 365 F.3d at 954.

[79] Fed. R. Civ. P. 60(c).

[80] *See id.*

[81] *See Ogden*, 32 F.3d at 455.

[82] 604 F. App'x 753, 755 (10th Cir. 2015).

[83] *Id.*

[84] *Id.*

B. **Rule 60(b) Grounds**

Even assuming his Motion was timely, Kamauu still cannot prevail on the merits. He does not satisfy any grounds for relief under Rule 60.

1. *Rule 60(b)(1)*

Kamauu first argues "Plaintiff's strategic misrepresentations to the court" afford a basis for relief from judgment under the mistake provision of 60(b)(1).[85] He presents "inculpatory evidence"—a "fake" magazine article from March 2019 touting Hutchinson's business acumen, a 2018 tax lien in Hutchinson's name, 2019 statements showing Hutchinson's preexisting financial troubles, and anecdotal evidence of an active criminal investigation on Hutchinson— that he argues is "sufficient to undermine all confidence and the appropriateness of this default judgment in its entirety."[86] Construed liberally, Kamauu appears to be challenging both the legal and factual basis for the Default Judgment by undermining Hutchinson's credibility.[87]

Motions premised upon the mistake provision of 60(b)(1) "are intended to provide relief to a party in only two instances: (1) when the party has made an excusable litigation mistake or an attorney in the litigation has acted without authority; or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order."[88] When arguing for a mistake

---

[85] *Rule 60(b) Motion* at 10. Plaintiffs read the Motion as arguing for relief under the excusable neglect provision of 60(b)(1) because Kamauu mentioned service was complicated by his travel and out-of-state residency. *P's Opp. to Rule 60(b) Motion* at 6. But "[a] party seeking to establish excusable neglect must plead and prove it[,] resolving all doubts in [their] favor." *Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1445 (10th Cir. 1983). Kamauu only mentions excusable neglect three times in his Motion, all in the introduction when citing the text of Rule 60. *Rule 60(b) Motion* at 2, 5. Kamauu never argues the concept applies to the facts of the case. Thus, even under a liberal standard, the court does not read Kamauu's Motion as arguing for relief based on excusable neglect.

[86] *Id.* at 13–16.

[87] *Id.*

[88] *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999).

of law or fact, relief is available "only for obvious errors . . . apparent on the record."[89] Obvious errors include mistakes such as a court misreading appellate mandates on remand or miscalculating interest from the wrong date.[90] "Rule 60(b)(1) is not available to allow a party merely to reargue an issue previously addressed by the court when the reargument merely advances new arguments or supporting facts which were available for presentation at the time of the original argument."[91]

Based on the facts and arguments presented, Kamauu is not entitled to 60(b)(1) relief based on mistake. Construing the Motion favorably in light of Kamauu's pro se status, the Motion could be read as asserting error in the damages calculation, claiming it is legally and factually insufficient.[92] But Kamauu is not arguing there are legal or factual errors apparent on the record at the time of Default Judgment. Instead, he is rearguing issues already decided in the Default Judgment—his liability on the claims and the evidence supporting the damages award—

---

[89] *Van Skiver*, 952 F.2d at 1244.

[90] *See Rocky Mountain Tool & Mach. Co. v. Tecon Corp.*, 371 F.2d 589, 596–97 (10th Cir. 1966) (explaining Rule 60 provides relief from judgment to correct a "palpably erroneous award" based on facts in the record at the time of trial); *Sec. Mut. Cas. Co. v. Century Cas. Co.*, 621 F.2d 1062, 1067 (10th Cir. 1980) (holding an error of law occurred when the trial court misconstrued the appellate mandate on remand and the party was entitled to relief due to mistake of law).

[91] *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 577 (10th Cir. 1996) (citing *Van Skiver*, 952 F.2d at 1243 ("[R]evisiting the issues already addressed is not he purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise available for presentation when the original summary judgment motion was briefed is likewise inappropriate.")).

[92] *Id.* at 8–10.

by presenting new arguments and facts.[93] That the issues are arguable does not raise them "to the level of facially obvious errors."[94] Thus, there is no basis for relief under Rule 60(b)(1).

2. *Rule 60(b)(3)*

Kamauu next argues he is entitled to relief from judgment based on Rule 60(b)(3).[95] This Rule provides relief from judgment based on fraud by an opposing party.[96] Its purpose is to protect parties from "judgments which were unfairly obtained, not at those which are factually incorrect."[97]

There are "two distinct bases for post-judgment relief" based on fraud: fraud between parties and fraud on the court.[98] Both types of claims require the movant to "substantiate the claim of fraud" with "clear and convincing proof," and to show the fraudulent behavior substantially interfered with the movant's ability to fully and fairly prepare for trial.[99]

---

[93] *Rule 60(b) Motion* at 8 ("Defendants maintain that Plaintiff's legal basis for the default judgment is undermined by prevailing law and factual support as presented in this motion . . . because Plaintiff has not proved (because he cannot) that Defendant is liable, much less that the [damages award] is supported.").

[94] Inasmuch as Kamauu's seeks 60(b)(1) relief based on a mistake of law, this request fails for an additional reason. The Tenth Circuit only allows litigants to challenge a court's substantive ruling in a Rule 60(b)(1) motion if it is filed "within the time frame required for the filing of a notice of appeal." *Cashner*, 98 F.3d at 578. Because Kamauu's Motion was not filed within the 30-day appeal time, any claims asserting judicial mistake are untimely. *See id.* at 578–59.

[95] *Rule 60(b) Motion* at 10.

[96] Fed. R. Civ. P. 60(b)(3).

[97] *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1290 (10th Cir. 2005).

[98] *See id.* at 1291–93.

[99] *Id.*

Kamauu asserts Plaintiffs committed both types of fraud and for that reason he is entitled to relief from the Default Judgment.[100] The court addresses each argument separately because the bar for proving fraud on the court is higher than that for establishing fraud on a party.[101]

First, Kamauu fails to show fraud against an opposing party. Kamauu provided a copy of a "fake" magazine article touting Hutchinson's business acumen as evidence that Plaintiffs used misrepresentations to "dupe[] Defendants into going into business" with them.[102] Even assuming this qualifies as "clear and convincing proof" of misrepresentation, the court fails to see how Plaintiffs' alleged misrepresentations in the article "substantially interfered" with Kamauu's ability to litigate the case.[103] In fact, Kamauu never argues Plaintiffs' fraudulent misrepresentations hindered his ability to answer the Complaint or respond to the Default Judgment—the very reasons judgment was entered. On this basis, Kamauu is not entitled to relief under Rule 60(b)(3).

Kamauu likewise fails to show fraud on the court. Fraud on the court may be found only upon showing "the most egregious conduct"[104] which is "directed to the judicial machinery itself and is not fraud between the parties or fraudulent documents, false statements or perjury."[105] One must prove "an intent to deceive or defraud the court, by means of a deliberately planned and carefully executed scheme."[106] Kamauu's proof consists of allegations that Plaintiffs'

---

[100] It isn't entirely clear whether Kamauu is alleging fraud against an opposing party in addition to fraud against the court. *See generally Rule 60(b) Motion* at 7–16. The most favorable consideration that can be given Kamauu's Motion, in light of his pro se status, is to treat it as raising both types of claims.

[101] *Zurich*, 426 F.3d at 1291.

[102] *Rule 60(b) Motion* at 13–14.

[103] *See Zurich*, 426 F.3d at 1290.

[104] *Id.* at 1291.

[105] *Orient Mineral Co. v. Bank of China*, 416 F. App'x 721, 725 (10th Cir. 2011) (internal citations and quotations omitted).

[106] *Zurich*, 426 F.3d at 1292.

damage request is excessive and without sufficient support, and other "evidence that Plaintiff has a storied history of deceptive and fraudulent misrepresentations."[107] Concerning damages, Kamauu's conclusory allegations fail to "clearly substantiate" fraud by "clear and convincing proof."[108] Kamauu provides no evidence, just bald assertions, to support his claim that the loss figures used to establish the damages award were misrepresented. The other evidence—the fictional magazine article on Hutchinson, Hutchinson's tax lien, and Kamauu's assertion there is an active criminal investigation against Hutchinson—is not "directed to the judicial machinery"[109] and is therefore insufficient to establish fraud on the court. Kamauu essentially brings this extraneous and unrelated evidence to show Hutchinson has a history of being fraudulent and deceptive, but none can be said to show an intent to defraud the court in this case through a "carefully executed scheme."[110]

For all these reasons, Kamauu is not entitled to 60(b)(3) relief from judgment based on fraud.

3. *Rule 60(b)(6)*

Kamauu's final claim for relief comes under Rule 60(b)(6). The Rule offers "a grand reservoir of equitable power to do justice in a particular case."[111] Relief under this Rule "is extraordinary and reserved for exceptional circumstances,"[112] and "only when necessary to accomplish justice."[113] A Rule 60(b)(6) motion may not be "premised on one of the grounds for

---

[107] *Rule 60(b) Motion* at 8–11; 13–16.

[108] *Zurich*, 426 F.3d at 1290.

[109] *See Orient Mineral Co.*, 416 F. App'x at 725.

[110] *See Zurich*, 426 F.3d at 1292.

[111] *Pierce v. Cook & Co.*, 518 F.2d 720, 722 (10th Cir. 1975) (en banc) (internal citations and quotations omitted).

[112] *Johnson*, 950 F.3d at 700–01 (quoting *Kile v. United States*, 915 F.3d 682, 687 (10th Cir. 2019) and *McGraw v. Barnhart*, 450 F.3d 493, 505 (10th Cir. 2006)).

[113] *Kile*, 915 F.3d at 688 (internal citations and quotations omitted).

relief enumerated in clauses (b)(1) through (b)(5)."[114] "The clear import of the language of clause (b)(6) is that the clause is restricted to reasons other than those enumerated in the previous five clauses."[115] In sum, a party "cannot simply throw in subsection (6) without any new arguments and expect to obtain" relief from judgment.[116]

Kamauu does just that, seeks relief under 60(b)(6) for the same reasons he requested relief under subsections (1) and (3). He raises no new arguments or additional grounds. Thus, the court denies the 60(b)(6) claim.

The court STRIKES the Rule 60(b) Motion to the extent it is brought on behalf ROI Companies and Hale Maluhia Estate. Concerning Kamauu, the Rule 60(b) Motion is DENIED in its entirety. The Motion is untimely due to an unreasonable delay. And on the merits, it fails to satisfy grounds for relief under subsections (1), (3), or (6).[117]

## II. The Motion for Stay is Denied

In light of the foregoing, the Motion to Stay Execution of Judgment[118] pending resolution of the Rule 60(b) Motion is DENIED as MOOT.

SO ORDERED this 6th day of February, 2023.

BY THE COURT:

_____
ROBERT J. SHELBY
United States Chief District Judge

---

[114] *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 (1988).

[115] *United States v. Buck*, 281 F.3d 1336, 1341 (10th Cir. 2002).

[116] *Zurich*, 426 F.3d at 1293.

[117] The parties brief three additional considerations a court must make before setting aside a default judgment under Rule 60(b). *Rule 60(b) Motion* at 11–17; *P's Opp. to Rule 60(b) Motion* at 8–10; *see also United States v. Timbers Pres., Routt Cnty., Colo.*, 999 F.2d 452, 454 (10th Cir. 1993) (explaining the "three requirements" that must be met to set aside a default judgment in addition to Rule 60 grounds). But because Kamauu cannot meet his burden to satisfy grounds for relief under Rule 60(b), it is unnecessary for the court to address these additional considerations.

[118] Dkt. 67.