UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| PAUL HUTCHINSON, an individual; and DESTINARE LLC, a Utah limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>J. KAHEALANI KAMAUU, an individual; ROI COMPANIES LLC, a Hawaii limited liability; HALE MALUHIA ESTATE LLC, a Hawaii limited liability company,<br><br>Defendants. | **REPORT AND RECOMMENDATION TO GRANT PLAINTIFF'S APPLICATION FOR CHARGING ORDER (DOC. NO. 91)**<br><br>Case No. 2:20-cv-00796<br><br>Chief Judge Robert J. Shelby<br><br>Magistrate Judge Daphne A. Oberg |

Plaintiff and judgment creditor Paul Hutchinson has filed an Application for Charging Order,[1] seeking to charge Defendants' interests in a number of entities and real property to Defendants' unsatisfied default judgments in this case.[2] Because Mr. Hutchinson's motion did not establish Defendants' interests in the entities and real property, the court ordered Mr. Hutchinson to submit a supplemental brief providing such evidence.[3] Mr. Hutchinson's supplemental brief includes corporate and property records establishing a connection between each Defendant and the entities and

---

[1] (Appl. for Charging Order, Doc. No. 91.)

[2] (*See id.*; Order Granting Default J. as to Defs. ROI Cos. LLC and Hale Maluhia Estate LLC, Doc. No. 28; Order Granting Default J. as to Def. J. Kahealani Kamauu, Doc. No. 31.)

[3] (Order for Suppl. Briefing on Pl.'s Appl. for Charging Order, Doc. No. 92.)

1

property described in the application for charging order.[4]  Counsel for Mr. Hutchinson has also declared under penalty of perjury that Defendants have interests in the listed entities and real property.[5]  None of the defendants responded to the application or the supplemental brief.[6]

According to Rule 69 of the Federal Rules of Civil Procedure, "[a] money judgment is enforced by a writ of execution, unless the court directs otherwise.  The procedure on execution . . . must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies."[7]  No federal statute applies here; thus, the procedure must accord with Utah's laws and procedures.[8]  Pursuant to Utah statute, "[o]n application by a judgment creditor of a member or transferee, a court may enter a charging order against the transferable interest of the judgment debtor for the unsatisfied amount of the judgment."[9]

Where Mr. Hutchinson has established Defendants have transferable interests in the entities and real property identified in the application for charging order, and

---

[4] (See Suppl. Briefing on Pl.'s Appl. for Charging Order ("Suppl. Br."), Doc. No. 93; Exs. A, B, C, D, E, F, G, H, I, J, K to Suppl. Br., Doc. No. 93.)

[5] (See Appl. for Charging Order 4, Doc. No. 91.)

[6] As required by the order for supplemental briefing, Mr. Hutchinson served the application for charging order on each Defendant in accordance with Rule 5 of the Federal Rules of Civil Procedure.  (See Certificate of Serv. Re: Appl. for Charging Order and Proposed Charging Order, Doc. No. 94.)

[7] Fed. R. Civ. P. 69(a)(1).

[8] See Earthgrains Baking Cos. v. Sycamore, No. 19-4174, 2022 U.S. App. LEXIS 3988, at *19 (10th Cir. Feb. 14, 2022).

[9] Utah Code § 48-3a-503(1).

Defendants have not contested the application or Mr. Hutchinson's supporting evidence, the undersigned recommends[10] the charging order be granted.

RECOMMENDATION

Pursuant to Rule 69 of the Federal Rules of Civil Procedure and Utah Code § 48-3a-503(1), the undersigned recommends the district judge grant Mr. Hutchinson's application for charging order,[11] and charge Defendants' outstanding judgment debts[12] against the following entities and real property: ROI Companies, LLC (Wyoming); ROI Companies, LLC (Hawaii); Hewlen Kamauu Non Profit, Inc.; Kamauoha Foundation; ROI Investments, LLC; 53018E Makao LLC; and real property located at 53-018 Makao Rd., Hauula, HI 96717. The court will send this Report and Recommendation to all parties,[13] who are notified of their right to object to it. Any

---

[10] Where the post-judgment entry of a charging order may be considered a final appealable decision under 28 U.S.C. § 1291, the undersigned proceeds by issuing a Report and Recommendation. *See Vision Mktg. Res., Inc. v. McMillin Grp., LLC*, No. 10-2252, 2015 U.S. Dist. LEXIS 91873, at *2 (D. Kan. May 8, 2015) (unpublished); *Colo. Bldg. & Constr. Trades Council v. B.B. Andersen Constr. Co.*, 879 F.2d 809, 810–11 (10th Cir. 1989).

[11] (Doc. No. 91.)

[12] Mr. Hutchinson is entitled to $1,526,427.67, subject to the interest, costs, and attorney's fees described in the default judgment orders. (*See* Order Granting Default J. as to Defs. ROI Cos. LLC and Hale Maluhia Estate LLC, Doc. No. 28; Order Granting Default J. as to Def. J. Kahealani Kamauu, Doc. No. 31.)

[13] The clerk is directed to mail this Report and Recommendation to all Defendants' last known addresses (and the addresses for the last known registered agents), as listed in the certificate of service (Doc. No. 94) filed in connection with the application for charging order. *See* Fed. R. Civ. P. 5(b)(2)(C) (noting service is accomplished by "mailing it to the [party's] last known address"). The court also notes Defendant J. Kahealani Kamauu receives electronic filing notices for this case via email, pursuant to his motion requesting email notices. (*See* Order Granting Def.'s Mot. for ECF Access for the Limited Purposes of Receiving Notifications, Doc. No. 44 ("Mr. Kamauu is ORDERED to promptly file a notice with the court if he has a change of email address.")); DUCivR 83-1.3(e)(2) ("An unrepresented party must notify the Clerk's Office

objection must be filed within fourteen days of service.[14]  Failure to object may be considered a waiver of objections.

DATED this 12th day of June, 2024.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge

---

immediately of any change in address, email address, or telephone number . . . ."); Fed. R. Civ. P. 5(b)(2)(E) (noting service is accomplished by "sending it to a registered user by filing it with the court's electronic-filing system or sending it by other electronic means that the person consented to in writing").

[14] *See* 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b)(2).