IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| PAUL HUTCHINSON, an individual; and DESINTARE LLC, a Utah limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>J. KAHEALANI KAMAUU, an individual; ROI COMPANIES LLC, a Hawaii limited liability company; HALE MALUHIA ESTATE LLC, a Hawaii limited liability company,<br><br>Defendants. | **MEMORADUM DECISION AND ORDER ADOPTING REPORT AND RECOMMENDATION FOR CHARGING ORDER**<br><br>Case No. 2:20-cv-00796-RJS-DAO<br><br>Chief District Judge Robert J. Shelby<br><br>Magistrate Judge Daphne A. Oberg |

Before the court is Defendants' pro se Objection to Report and Recommendation to Grant Plaintiff's Application for Charging Order[1] to Magistrate Daphne A. Oberg's Report and Recommendation.[2] For the reasons stated below, KAMAUU's Objections are OVERRULED, the Report and Recommendation is ADOPTED, and Plaintiff's Application for Charging Order is GRANTED.[3]

### BACKGROUND AND PROCEDURAL HISTORY

This case arises out of Plaintiffs' Complaint against Defendants for, among other things, breach of contract, breach of fiduciary duty, breach of the implied covenant of good faith and fair dealing, fraud, and unjust enrichment.[4] Defendants failed to file an answer or any responsive

---

[1] Dkt. 97 (*Objection*).

[2] Dkt. 96 (*Report*).

[3] Dkt. 91 (*Application*).

[4] Dkt. 2.

1

pleading and the Clerk of Court entered a Default Certificate on January 15, 2021.[5] The case was subsequently reassigned to Judge Oberg who raised a jurisdictional question as to the limited liability company Defendants.[6] After resolving the jurisdictional issue, Judge Oberg entered a default judgment as to the limited liability company Defendants on April 26, 2021.[7] The business entity Defendants were never represented by counsel and never responded to any pleadings or orders of the court before default judgment was entered for all Defendants.

Defendants failed to satisfy the Judgment and Plaintiffs filed the Application on March 13, 2024, requesting that the court enter a charging order transferring Defendants' interests in the business entities to Plaintiffs towards satisfaction of Defendants' Judgment. This court ordered supplemental briefing, requesting additional information from Plaintiffs to establish Mr. Kamauu's interests in the entities.[8] The order for supplemental briefing also indicated Defendants could respond or oppose Plaintiffs' Application and reminded Defendants that, under Rule 83-1.3(c) of the Local Rules of Civil Practice, business entities may not appear pro se and an attorney of record must file any response for the Defendant entities.[9]

Plaintiffs promptly provided additional documentation to the court, including Hawaii business registration documents, business entity reports with owner information, annual reports signed by Mr. Kamauu, and real property ownership.[10] All documents demonstrated Mr. Kamauu had interest in all named Defendant entities.[11] Defendants did not respond or contest

---

[5] Dkt. 14.

[6] Dkt entry 15.

[7] Dkt. 28.

[8] Dkt. 92.

[9] *Id.*, at 2–3.

[10] Dkt. 93.

[11] *See* Dkt. 96, *Report* 1–2.

Plaintiff's Application or supporting documents, nor did Defendants respond to the court's order for supplemental briefing.

Judge Oberg subsequently issued a Report and Recommendations on June 13, 2024, recommending Plaintiff's Application be granted.[12] Judge Oberg ordered any objections to the Report be filed within fourteen days.[13]

Mr. Kamauu filed a timely Objection to Report and Recommendations on June 21, 2024.[14] Mr. Kamauu's Objection states, "Defendants - J. Kahealani Kamauu, ROI Companies and Hale Maluhia Estate — (hereinafter referred to as "Defendants"), proceeding *pro se* against the above-captioned Plaintiffs … hereby file this 'Objection'" [sic].[15] The Objection primarily lodges allegations that "Plaintiff and his Atty's" are engaging in fraud, deceit, and retaliation.[16] Defendants object that every entity Plaintiff seeks a charging order against "does not have transferable rights."[17] Defendants offer no other explanation or supporting documentation.[18] No attorney of record ever entered an appearance or filed any objections to the Report on behalf of the entity Defendants.

## LEGAL STANDARDS

The standard of review for a magistrate judge's report and recommendation depends on the sufficiency of the objection. To qualify as a proper objection that triggers de novo review, the objection must be both timely—that is, made within fourteen days—and "sufficiently

---

[12] Dkt. 96.

[13] *Id.*

[14] Dkt. 97.

[15] *Id.*, at 1 (italics in the original).

[16] *Id.*

[17] *Id.*

[18] *Id.*

specific to focus the district court's attention on the factual and legal issues that are truly in dispute."[19]

Under the Tenth Circuit's "firm waiver rule," if an objection is not timely and specific, then the objector has waived "review of both factual and legal questions."[20] A court may decline to apply the firm waiver rule "when the interests of justice so dictate"—for example, if "the magistrate's order does not apprise the pro se litigant of the consequences of a failure to object to findings and recommendations."[21] "[T]his court generally reviews unobjected-to portions of a report and recommendation for clear error."[22]

## ANALYSIS

The court reviews Judge Oberg's Report in two steps. First, the court will review the conclusions to which Defendants' object. Second, the court will review the remainder for clear error.

### I. Defendants' Objections

Defendants, collectively and pro se, object to enter a charging order against ROI Companies, LLC (Wyoming), ROI Companies, LLC (Hawaii), Hewlen Kamauu Non-Profit, Inc., Kamauoha Foundation, ROI Investments, LLC, 53018E Makao LLC, and Real Property

---

[19] *See United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996) ("[O]bjections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

[20] *One Parcel of Real Prop.*, 73 F.3d at 1059 (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)).

[21] *Moore*, 950 F.2d at 659.

[22] *Zloza v. Indus. Co.*, No. 4:23-cv-17-RJS-PK, 2023 WL 2760784, at *1 (D. Utah Apr. 3, 2023) (citing *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) and Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment).

Located at 53-018 Makao Rd., Hauula 96717 all on the same grounds: "Defendant does not have transferable rights."[23]

Mr. Kamauu is a pro se litigant. Pro se litigants are held to less stringent standards than parties formally represented by lawyers,[24] and their pleadings "are to be construed liberally."[25] Nevertheless, a litigant's pro se status "does not excuse the obligation . . . to comply with the fundamental requirements of the Federal Rules of Civil . . . Procedure."[26]

As the court specifically reminded Defendants, Rule 83-1.3(c) of the Local Rules of Civil Practice require any business entity to be represented by an attorney licensed to practice in Utah.[27] Mr. Kamauu is not a licensed attorney admitted to practice law before the court and may not file pleadings on behalf of the entity Defendants.[28] In effect, the Defendant entities have failed to file any objections the court may consider. The court concludes the Tenth Circuit's "firm waiver rule" applies and Defendants have waived "review of both factual and legal questions."[29]

The court reads Mr. Kamauu's Objection to assert objections on behalf of the entity Defendants. However, to the extent Mr. Kamauu objects on his own behalf, the court concludes Mr. Kamauu's objections are not sufficiently specific to overcome the firm waiver rule.

---

[23] *Id.*, at 2–3.

[24] *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[25] *Id.*

[26] *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994); *see also Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) ("This court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants.") (internal quotation and citation omitted).

[27] *See* DUCivR 83-1.3(c)(2) ("A corporation, association, partnership, or other artificial entity must be represented by an attorney who is admitted under DUCivR 83-1.1."); *see also Klein v. Scogin*, 2012 WL 5503540, at *1 (D. Utah Oct. 10, 2012) (granting a plaintiff's motion to strike a family trust's motion to dismiss because the motion was filed by a pro se defendant who was not a licensed attorney who could represent the trust defendant).

[28] *See id.*; DUCivR 83-1.3(c)(1) ("Individuals may represent themselves.").

[29] *One Parcel of Real Prop.*, 73 F.3d at 1059–1061 (holding that the appellants "waived appellate review by failing to file specific objections to the magistrate judge's report and recommendation").

As stated above, "only an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues" merits de novo review by the district court.[30] Mr. Kamauu's Objection makes one conclusory statement on which he bases all of his objections: "Defendant does not have transferable rights."[31] Although Mr. Kamauu also states that "the corporate and property records that were supplied by the Plaintiffs in fact do not show ownership or transferable connections by the Defendants," Mr. Kamauu does not identify any specific errors or provide any explanation to support his contention.[32] Nor did Mr. Kamauu respond to the court's supplemental briefing order or contest Plaintiff's supporting documents in the two months between when Plaintiffs' documents were filed and Judge Oberg issued her Report.[33] Instead, Mr. Kamauu asserts "[w]ith just simple due diligence it is very easy to uncover that the information is incorrect."[34] But Mr. Kamauu does not provide enough information for the court to determine what the factual or legal issues are. Accordingly, Mr. Kamauu has waived review "by failing to file specific objections to the magistrate judge's report and recommendation."[35]

## II. Clear Error Review

Having addressed Defendants' objections, the court now turns to the remainder of the Report, which it reviews for clear error. After careful consideration, the court finds no clear error in any of Judge Oberg's unobjected-to conclusions.

---

[30] *One Parcel of Real Prop.*, 73 F.3d at 1060.

[31] Dt. 97, at 2–3.

[32] *Id.*, at 1.

[33] *See generally*, Dkt. 93–96.

[34] *Id.*

[35] *One Parcel of Real Prop.*, 73 F.3d at 1061.

## CONCLUSION

For the reasons stated above, Defendants' Objection[36] to Judge Oberg's Report and Recommendation[37] is OVERRULED. Judge Oberg's Report is ADOPTED and Defendant's Application[38] is GRANTED.

SO ORDERED this 29th day of August 2024.

BY THE COURT:

ROBERT J. SHELBY
United States Chief District Judge

---

[36] Dkt. 97.

[37] Dkt. 96.

[38] Dkt. 91.